IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DARRYL SWINT, #182201,            )
                                   )
   Plaintiff,                     )
                                   )
  v.                               )   CASE NO. 2:17-CV-232-WKW
                                   )              (WO)
DONALDSON MENTAL HEALTH            )
UNIT, et al.,                      )
                                   )
   Defendants.                    )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

Upon receipt of the instant civil action, the court construed it as one filed pursuant to 42 U.S.C. § 1983. Although the complaint is somewhat disjointed, the inmate-plaintiff, Darryl Swint, appears to challenge the constitutionality of the mental health treatment provided to him at the Donaldson Correctional Facility. Upon review of the complaint, the court finds that this case should be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1404.[1]

**II. DISCUSSION**

A 42 U.S.C. § 1983 "action may be brought in -- (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred … ; or (3) if there is no district in which an action may

---

[1] Swint filed an application for leave to proceed *in forma pauperis* (Doc. No. 3). However, under the circumstances of this case, the court concludes that assessment and collection of any filing fee should be undertaken by the United States District Court for the Northern District of Alabama.

otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district … where it might have been brought[.]" 28 U.S.C. § 1404(a).

The Donaldson Correctional Facility is located within the jurisdiction of the United States District Court for the Northern District of Alabama. Thus, the actions about which Swint complains occurred or are occurring in the Northern District of Alabama. Moreover, it appears from the complaint that those individuals personally responsible for provision of mental health treatment to Swint reside in the Northern District of Alabama. Consequently, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Northern District of Alabama for review and disposition.[2]

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404. It is further

ORDERED that on or before May 31, 2017 the parties may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District

---

[2] In transferring the instant case, this court makes no determination with respect to the merits of the plaintiff's claims for relief nor whether he has named an appropriate defendant in this case.

Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 17th day of May, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge